Charles R. Heckman, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and I.T.E. Imperial Company, Respondents.

Argued February 1, 1982, before President Judge CRUMLISH, JR. and Judges CRAIG and MacPHAIL, sitting as a panel of three.

*Joseph F. Mulcahy, Jr.*, for petitioner.

*John P. Knox, Timoney, Knox, Hasson & Weand*, for respondent, I.T.E. Imperial Company.

OPINION BY JUDGE MacPHAIL, April 30, 1982:

In this case, Charles R. Heckman (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) entered October 30, 1980 denying his appeal from a referee's decision.[1] In its opinion, the Board disposed of Claimant's appeal[2] in the following language:

> With regard to the appeal of the claimant, it is not in sufficient detail to permit a resolution by this Board, and, hence, said appeal is denied.

The basis of Claimant's appeal to the Board was that the referee failed to find as a fact that the claimant, due to his injuries, was unable to work on "various days" from December 1977 to April 1979. No-

---

[1] Claimant also filed with the Board a petition for rehearing which was denied by the Board in an order entered March 19, 1981. It was that order that is addressed in the brief of I.T.E. Imperial Company (Employer). Claimant's petition for review states clearly that the order appealed from is the Board's order of October 30, 1980 but Claimant failed to comply with Pa. R.A.P. 2115(a) which requires that the text of the order appealed from shall be set forth *verbatim* in the brief following the statement of jurisdiction. This omission on Claimant's part has resulted in the Court not having from the Employer the benefit of a brief responsive to the real issue to be decided by this Court. If there was any need to do so, we would not hesitate to order reargument.

[2] The Board's adjudication is a discussion largely of the Employer's cross-appeal which it held to be untimely filed. Employer's petition to file the appeal *nunc pro tunc* was also denied by the Board.

where in the record of this case is it specified by the Claimant what days he is talking about. In Claimant's appeal to the Board and in his appeal to this Court, Claimant states that since records of the Employer subpoenaed by Claimant were not produced, the Employer had agreed to Claimant's work records which were submitted *ex parte* to the referee. Unfortunately for the Claimant, none of the foregoing appears in the record of this case. It is axiomatic that if an appellant desires this Court to reverse a decision, the appellant must point to evidence in the record that would compel us to do so. No such evidence having been presented to us, we must conclude that Claimant has failed to meet his burden on appeal.

Moreover, the referee found as facts the following:

7. The Claimant returned to work on May 4, 1977 at an average weekly wage of $238.00 in his job as a janitor, he worked at the said weekly wage continuously up to and including September 1, 1978. For this period of time, the Claimant is entitled to partial disability rate of $48.00 per week being the difference between his average weekly wage at the time of both injuries mentioned above of $310.00 and his current average weekly wage of $238.00 per week.

8. On September 2, 1978, the Claimant, continuing to work as a janitor, had an increase in his wages so that his average weekly wage became $256.00 per week and from September 2, 1978 to and including April 25, 1979, Claimant continued to work at the disability wages of $256.00 per week and for said period he is entitled to partial disability workmen's compensation benefits of $36.00 per week being 2/3rd of the difference between his average weekly wages at the time of both injuries of $310.00 and his current weekly wages of $256.00.

9. On April 26, 1979, the Claimant started a new job as a mechanical inspector at an average weekly wage of $338.00 per week, so that as of that date and thereafter, Claimant no longer suffered any disability which was reflected in loss of earning power, and therefore a suspension should be entered as of April 26, 1979.

It is Employer's contention that those findings indicate that the referee *did* determine the compensation to which Claimant was entitled for the period from December 1977 to April 1979. We agree.

Order affirmed.

### ORDER

AND Now, this 30th day of April, 1982, it is ordered that the order of the Workmen's Compensation Appeal Board, dated October 30, 1980 and numbered A-78838 which denied the appeal of Charles R. Heckman from the referee's decision dated February 29, 1980 be and the same is hereby affirmed.

This decision was reached prior to the resignation of Judge MENCER.

